UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In Re:

JOHN HALPIN,

      Debtor.

Case No. 14-61006-6-DD
(Chapter 13)

---

## OBJECTION TO CONFIRMATION

Fulton County Treasurer, by its counsel, SCHILLER & KNAPP, LLP, as and for an Objection to Confirmation of the debtor's Chapter 13 Plan, states the following grounds therefor:

1. On June 12, 2014, the debtor, above-named, filed a voluntary petition in bankruptcy under Title 11, Chapter 13, U.S.C., United States Bankruptcy Court for the Northern District of New York.

2. The Court has jurisdiction to entertain this objection under 28 U.S.C., Section 157.

3. Objectant, Fulton County Treasurer (hereinafter "FCT"), is a party in interest by virtue of certain real property owned by the Treasurer (Parcel ID No. 45.-1-5 ) that is, upon information and belief, in the possession and control of the debtor.

4. Title to the property was conveyed to the Treasuer on April 1, 2014. The redemption period ended on May 29, 2014.

5. FCT hereby objects to the confirmation of the Plan as the real property is not property of the estate by virtue of the transfer of the real property to FCT on May 17, 2014.

6. In the event this Court considers FCT to be a secured creditor despite the proper transfer of title to FCT then FCT asserts a lack of good faith in the filing of the case where the debtor's expenses exceed monthly income by $921.60 and where the plan proposes sale of real property over the life of the sixty (60) month plan. Debtor also fails to demonstrate an ability or intention to pay ongoing taxes, the first of which will be due to be paid in September, 2014.

7. FCT hereby objects to the confirmation of the Plan to the extent it proposes effort by the debtor to sell real property over the life of the plan. Debtor is obligated to provide payment of interest, adequate protection as well as equal monthly payments to secured creditors in the case. Debtor's plan does not offer equal monthly payments to pay the secured claim of the County. Confirmation must be denied.

8. FCT hereby objects to debtor's Plan on the grounds that the Plan fails to provide for periodic payments in equal monthly amounts as required by 11 U.S.C. §1325(a)(5)(B)(iii)(I). FCT objects to the Chapter 13 Plan to the extent it provides for payment of administrative or priority claims, including but not limited to debtor's attorneys fees, prior to the payment of the secured claims. FCT asserts it is inequitable to allow the debtor's the continued use of County services without paying for the use of the services. Without concurrent payment on the secured claim, confirmation of the Plan should be denied.

9. FCT further joins in the objections raised by the Chapter 13 Trustee to confirmation.

9. No prior application for the relief requested herein has been made.

WHEREFORE, Fulton County Treasurer respectfully requests that the Court deny confirmation of the debtor's Chapter 13 Plan for the reasons hereinabove set forth and for such other and further relief as to the Court may seem just and proper.

DATED: August 14, 2014

_____
Martin A. Mooney, Esq. Bar No.104201
SCHILLER & KNAPP, LLP
950 New Loudon Road, Suite 109
Latham, New York 12110-2100
Tel. (518) 786-9069
E-Mail: mmooney@schillerknapp.com

TO: Richard Croak, Esq.
    Attorney for Debtor
    314 Great Oaks Blvd.
    Albany, New York 12203

    Mark W. Swimelar, Esq. (Trustee)
    250 South Clinton Street
    Suite 203
    Syracuse, New York 13202

John Halpin (Debtor)
PO Box 13141
Albany, New York  12212

B-FULTONCNTY.14.01568